Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| FELIPE LÓPEZ PÉREZ, OLGA IRIS LÓPEZ PÉREZ, LUS SELENIA LÓPEZ PÉREZ<br><br>Apelantes<br><br><br><br>v.<br><br><br><br>HERIBERTO LÓPEZ PÉREZ, JOSÉ LÓPEZ PÉREZ, JACQUELINE LÓPEZ LORENZI y otros<br><br>Apelados | TA2025AP00069 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Luquillo<br><br><br>Civil Núm. LU2024CV00117<br><br><br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Comparecen el señor Felipe López Pérez t/c/c Phillip López Pérez, la señora Olga Iris López Pérez y la señora Luz Selenia López Pérez (en adelante, "demandantes" o "apelantes") para que revisemos la *Sentencia Final* emitida y notificada el 21 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Luquillo (en adelante, "tribunal de instancia" o "TPI").[1] En esta el tribunal de instancia desestimó, sin perjuicio, la demanda instada por los apelantes al determinar que incumplieron con la Regla 4.3 de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, **revocamos** el dictamen apelado. Veamos.

---

[1] Véase, Entrada Núm. 32 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

**-I-**

El caso de autos se originó el **26 de junio de 2024**, ocasión en que el señor Felipe López Pérez t/c/c Phillip López Pérez, la señora Olga Iris López Pérez y la señora Luz Selenia López Pérez incoaron una *Demanda* sobre División de Comunidad Hereditaria y Solicitud de Autorización Judicial en contra los demandados: el señor Heriberto López Pérez, el señor José López Pérez, la señora Jacqueline López Lorenzi y el señor Pablito López Lorenzi. En esencia, solicitaron la partición, adjudicación y liquidación de las Comunidades Hereditarias de los causantes Paula Pérez Carrión y Pablo López Rosario. También, ese mismo día los demandantes sometieron una *Moción solicitando orden para emplazar por edictos.*[2] En esta reiteraron que no poseían contacto con ninguno de los demandados y que desconocen sus paraderos o vecindad. Agregaron que no tenían información sobre la última dirección física o postal de los demandados, a pesar de sus gestiones para conseguirlas.[3] Por lo que, solicitaron al tribunal de instancia que se les permitiera emplazar por edicto y se les relevara del requisito de enviar copia de la demanda y el emplazamiento a la última dirección conocida, por desconocer la misma.

El **27 de junio de 2024**,[4] el tribunal de instancia declaró *No Ha Lugar* la moción solicitando orden para emplazar por edictos.[5] Ello, dado que, no se realizaron ni las más mínimas diligencias pertinentes exigidas por el ordenamiento, al amparo de la Regla 4.6 de Procedimiento Civil.

Así las cosas, el **11 de julio de 2024**, los demandantes presentaron una *Moción en cumplimiento de orden y solicitud que se expidan emplazamientos.*[6] En esa misma fecha el tribunal de

---

[2] Véase, Entrada Núm. 2 de SUMAC.
[3] Se acompaño una declaración jurada suscrita por el señor Felipe López Pérez.
[4] Notificado al día siguiente.
[5] Véase, Entrada Núm. 4 de SUMAC.
[6] Véase, Entrada Núm. 5 de SUMAC.

instancia emitió una *Orden* en la que declaró *Con Lugar* la antes referida moción y ordenó la expedición de los emplazamientos.[7]

El **19 de agosto de 2024** los demandantes radicaron una *Moción solicitando emplazamientos por edicto*.[8] En esta recalcaron que, a pesar de las múltiples gestiones realizadas, no lograron emplazar a los demandados. Acompañaron su solicitud con una declaración jurada prestada por el emplazador Christopher Knapp Romero (en adelante, "señor Knapp Romero"). Así, solicitaron se les permitiera emplazar a los demandados mediante edicto.

No obstante, en la misma fecha el tribunal de instancia declaró *No Ha Lugar* la antes referida moción y determinó que:

> [L]a declaración jurada anejada no cumple, a satisfacción del Tribunal, que se hayan realizado todas las gestiones necesarias para determinar si los codemandados residen, en o fuera de nuestra jurisdicción, de conformidad con la Regla 4.6 de Procedimiento Civil. Los demandantes no han acreditado una búsqueda diligente y razonable para dar con el paradero de los demandados. Se indica desconocer la dirección o paradero de los demandados, pero no explica qué gestiones han hecho para intentar averiguarla.[9]

En desacuerdo, el **21 de agosto de 2024**, los demandantes sometieron una *Moción solicitando aclaración de Orden y/o Reconsideración*.[10] Allí, hicieron referencia a la declaración jurada prestada por el señor Knapp Romero, en la cual detalló las gestiones realizadas para diligenciar personalmente el emplazamiento. Alegaron que en la declaración jurada se expusieron detalladamente las diligencias realizadas para lograr el paradero de los demandados. En vista de ello, solicitaron al TPI que reconsiderara su determinación y expidiera una orden autorizando el emplazamiento por edicto.

Posteriormente, el **26 de agosto de 2024** el tribunal de instancia emitió y notificó una *Orden* en la cual reafirmó su postura

---

[7] Véase, Entrada Núm. 6 – 11 de SUMAC.
[8] Véase, Entrada Núm. 12 de SUMAC.
[9] Véase, Entrada Núm. 13 de SUMAC.
[10] Véase, Entrada Núm. 14 – 15 de SUMAC.

previa y declaró *No Ha Lugar* a la *Moción solicitando aclaración de Orden y/o Reconsideración.*[11]

El **24 de septiembre de 2024** los demandantes presentaron una *Nueva solicitud de emplazamientos por edictos* en la cual reiteraron sus argumentos previos.[12]

Así pues, el tribunal de instancia emitió una *Orden* el **27 de septiembre de 2024**, notificada el **30 de septiembre de 2024**, en la que autorizó la expedición de los emplazamientos por edicto.[13]

Tal cual ordenado, el **30 de septiembre de 2024** se emitieron los correspondientes emplazamientos por edicto.[14]

Eventualmente, el **10 de diciembre de 2024**, los demandantes radicaron una *Moción solicitando anotación de rebeldía y que se dicte sentencia por las alegaciones.*[15] En esta arguyeron, entre otros, que:

> El 24 de octubre el emplazamiento por edicto fue publicado en un periódico de circulación general en Puerto Rico, conocido como "Primer Hora". Se acompaña Afidávit acreditativa de la publicación del edicto suscrita por Elba Llanos Rodríguez, representante del mencionado diario; Anejo 1.

Por lo cual, solicitaron que al transcurrir los términos establecidos en las Reglas de Procedimiento Civil sin recibir alegación responsiva alguna, se le anotara la rebeldía a los demandados, se admitiera las alegaciones de la demanda y se dictara sentencia.

El **10 de diciembre de 2024**,[16] el tribunal de instancia emitió una *Orden* en la que declaró *No Ha Lugar* la *Moción solicitando anotación de rebeldía y que se dicte sentencia por las alegaciones.*[17] Ordenó lo siguiente:

> Cúmplase con la Regla 4.6 de Procedimiento Civil pues no se presentó una copia del anuncio tal cual fue publicado,

---

[11] Véase, Entrada Núm. 16 de SUMAC.
[12] Véase Entrada Núm. 17 de SUMAC.
[13] Véase, Entrada Núm. 18 – 19 de SUMAC.
[14] Véase, Entrada Núm. 20 de SUMAC.
[15] Véase, Entrada Núm. 23 de SUMAC.
[16] Notificado al día siguiente.
[17] Véase, Entrada Núm. 24 de SUMAC.

requisito de la citada Regla. Los términos de la Regla 4.3 pudieran estarse afectando de no haberse perfeccionado lo anterior conforme a Derecho.

A modo de cumplir con lo ordenado, el **19 de diciembre de 2024**, los demandantes sometieron una *Moción en cumplimiento de Orden del 27 de septiembre de 2024*.[18] En esta incluyeron como anejo una *Declaración Jurada de Publicación de Edicto* y una *Copia de Publicación de Edicto en Primera Hora*. Sin embargo, el **20 de diciembre de 2024**, el tribunal de instancia declaró *No Ha Lugar* la moción presentada, por no concordar con lo solicitado.[19]

El **23 de diciembre de 2024**, los demandantes presentaron una *Moción en cumplimiento de Orden de 11 de diciembre de 2024 del 20 de diciembre de 2024*.[20] Anejaron en modo digital una *Copia Edicto Publicado* y, una *Declaración Jurada Edicto*.

Sin embargo, el **21 de enero de 2025**,[21] el tribunal de instancia emitió una *Orden* en la que nuevamente declaró *No Ha Lugar* la moción presentada por los demandantes, por incumplir la Regla 4.6 (b.10) [de Procedimiento Civil]: *"...El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en este".*[22]

Por lo tanto, el **5 de febrero de 2025** los demandantes radicaron una *Moción en cumplimiento de Orden de 22 de enero de 2025*.[23] En esta notificaron que el **28 de enero de 2025** se realizó una **nueva** publicación del edicto, en el periódico el Vocero de Puerto Rico. Acompañaron en su moción el referido edicto y una declaración jurada suscrita y juramentada el 29 de enero de 2025 por la señora Lismary Bonet, representante de Anuncios Clasificados del Vocero de Puerto Rico. Dado lo anterior, solicitaron

---

[18] Véase, Entrada Núm. 25 de SUMAC.
[19] Véase, Entrada Núm. 26 de SUMAC.
[20] Véase, Entrada Núm. 27 de SUMAC.
[21] Notificada al día siguiente.
[22] Véase, Entrada Núm. 28 de SUMAC.
[23] Véase, Entrada Núm. 29 de SUMAC.

se le anotara la rebeldía a los demandados y se dictara sentencia, según solicitado en la demanda.

El **21 de mayo de 2025** el tribunal de instancia emitió la sentencia apelada.[24] En esta desestimó, sin perjuicio, la demanda instada por los apelantes al determinar que incumplieron con la Regla 4.3 de Procedimiento Civil.

El **4 de junio de 2025** los demandantes radicaron una *Moción de reconsideración.*[25] Allí, establecieron que el emplazamiento por edicto fue diligenciado dentro del término de ciento veinte (120) días y que, el mismo cumplió con todos los requisitos establecidos en las Reglas de Procedimiento Civil, incluida la Regla 4.6. De modo que, solicitaron al tribunal reconsiderara su determinación previa y que ordenase la continuación de los procedimientos.

No empece lo anterior, el **4 de junio de 2025**,[26] el TPI emitió una *Orden* en la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconformes, el **1 de julio de 2025**, los demandantes y aquí apelantes, instaron el recurso de apelación que nos ocupa y señalaron la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al desestimar el caso de epígrafe declarando que los emplazamientos por edicto no cumplieron con las Reglas 4.3 y 4.6 b (10) de Procedimiento Civil.

El **9 de julio de 2025** emitimos y notificamos una *Resolución* en la cual concedimos a los demandados y aquí apelados un plazo de treinta (30) días para presentar su alegato al recurso de apelación.

Transcurrido el término para presentar la oposición, el **18 de agosto de 2025**, emitimos una *Resolución* en la cual dimos por perfeccionado el recurso para la atención del Panel Especial. [27]

---

[24] Véase, Entrada Núm. 32 de SUMAC.
[25] Véase, Entrada Núm. 35 de SUMAC.
[26] Notificada el 6 de junio de 2025.
[27] Notificada al día siguiente.

**-II-**

**-A-**

Estamos conscientes que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[28]

La citada norma de deferencia también es aplicable a las *decisiones discrecionales* de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último **(1)** actuó con prejuicio o parcialidad, **(2)** incurrió en un craso abuso de discreción, o **(3)** se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[29]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[30]

Por lo tanto, para realizarla adecuadamente nuestro Tribunal Supremo nos ha indicado que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[31]

**-B-**

El emplazamiento es el acto procesal mediante el cual se le comunica al demandado, la acción o demanda presentada en su contra y se le requiere a comparecer para formular la alegación que proceda. Tiene por objeto adquirir jurisdicción sobre la persona del demandado llamándolo para que comparezca al juicio a defenderse y hacer uso de su derecho.[32]

---

[28] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[29] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[30] *Íd.*
[31] *Íd.*
[32] Hernández Colón, Rafael, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 2010, 5ta. ed., pág. 220, sec. 2001; *Banco Popular v. SLG Negrón* 164 DPR 855, 863 (2005).

Para que ello ocurra, la Regla 4.1 de Procedimiento Civil, establece el siguiente procedimiento para la expedición de los emplazamientos:

> El demandante **presentará** el formulario de emplazamiento **conjuntamente** con la demanda, para su expedición inmediata por el Secretario o Secretaria. A requerimiento de la parte demandante, el Secretario o Secretaria expedirá los emplazamientos individuales o adicionales contra cualesquiera partes demandadas.[33]

Así pues, una vez el Secretario o Secretaria expide los emplazamientos, se **deberá** iniciar el *emplazamiento personal* que, se lleva a cabo mediante la entrega personal de la demanda y del emplazamiento al demandado.

Como vemos, la normativa general es que, una vez presentada la demanda, le corresponde al demandante solicitar la expedición de los emplazamientos, por lo que los mismos serán diligenciados en un plazo de ciento veinte (120) días, a partir de la presentación de la demanda o, desde la fecha de la expedición de los emplazamientos cuando la Secretaría demore en expedirlos el mismo día en que se presentó la demanda.

Ahora bien, la Regla 4.3 inciso (c) de nuestro ordenamiento procesal civil dispone lo siguiente:

> El emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda <u>o de la fecha de expedición del emplazamiento por edicto</u>**. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal <u>deberá</u> dictar sentencia decretando la desestimación y archivo <u>sin perjuicio</u>. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una <u>adjudicación en los méritos</u>**.[34]

---

[33] Regla 4.1 de las *Reglas de Procedimiento Civil de Puerto Rico*, 32 LPRA Ap. V., R. 4.4(a). Énfasis nuestro.

[34] Regla 4.3 inciso (c) de las *Reglas de Procedimiento Civil de Puerto Rico*, 32 LPRA Ap. V., R. 4.3(C). Énfasis nuestro.

En pocas palabras, tanto el emplazamiento personal como aquel realizado por edicto, **deben diligenciarse dentro del término de ciento veinte (120) días**, *a partir de la presentación de la demanda o* **de la fecha de expedición del emplazamiento por edicto**.[35] La diferencia entre estos radica en que "[c]uando se solicita emplazar por edictos dentro del término de seis (6) meses para diligenciar el **emplazamiento** personal, el término para diligenciar el **emplazamiento** por edicto se prorroga tácitamente, ya que se trata de un nuevo **emplazamiento**, distinto al **emplazamiento** personal que se expide automáticamente con la presentación de la demanda.[36]

En particular, nuestro Tribunal Supremo determinó que en caso de un primer incumplimiento con el término de ciento veinte (120) días para diligenciar el emplazamiento conlleva la desestimación **sin perjuicio**.[37]

Sin embargo, en caso de un **segundo** incumplimiento *tendrá el efecto de una adjudicación en los méritos, es decir la desestimación será* **con perjuicio**.[38]

Por último, valga señalar que, aunque de ordinario, los tribunales intermedios no intervenimos con el manejo de los casos del tribunal de instancia, ahora, si se demuestra que dicho foro *se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que nuestra intervención en esa etapa evitará un perjuicio sustancial, el dictamen del cual se acude en alzada, debe modificarse.*[39]

---

[35] 32 LPRA Ap. V, R. 4.3; *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 385 (2021) citando a *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 992 (2020). Énfasis nuestro.

[36] *Sánchez Ruiz v. Higuera Pérez, supra,* citando a *Global v. Salaam,* 164 DPR 474, 478–479, 485–486 (2005).

[37] *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 652 (2018).

[38] *Íd.,* Énfasis nuestro.

[39] *Zorniak Air Servs v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Rivera y otros v. Banco Popular,* 152 DPR 140, 155 (2000). Énfasis nuestro.

**-III-**

En esencia, los apelantes nos señalan que el tribunal de instancia erró al desestimar el caso de autos por no haber cumplido con la Regla 4.3 de Procedimiento Civil. Fundamentaron que, tanto las publicaciones del primer y segundo edicto fueron realizadas dentro del término de ciento veinte (120) días y que ambos cumplieron con lo establecido en las Reglas de Procedimiento Civil. Por lo cual, nos solicitan la revocación de la sentencia y que ordenemos la continuación de los procedimientos. Tienen razón.

Las Regla 4.3 de Procedimiento Civil es clara al establecer que *"[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o **de la fecha de expedición del emplazamiento por edicto**."*[40] Dispone, además, que *"[t]ranscurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio."*

Del expediente ante nuestra consideración surge que el 26 de junio de 2024 se presentó la demanda de referencia, no obstante, no es hasta el **30 de septiembre de 2024** que el TPI autorizó el emplazamiento por edicto. Por lo que, a partir de ese entonces es que comenzó a transcurrir el término de ciento veinte (120) días para diligenciar el emplazamiento.

Un cálculo matemático simple nos lleva a coincidir que el término para emplazar a los demandados/apelados era vencedero el **28 de enero de 2025**, fecha, en que los demandantes/apelantes **publicaron** el correspondiente edicto.

En vista de que los apelantes cumplieron con las formalidades requeridas por las Reglas de Procedimiento Civil y que publicaron el edicto dentro del término establecido, entendemos que, el

---

[40] Énfasis Nuestro.

emplazamiento fue conforme a derecho y, por tanto, no procedía la desestimación de la demanda.

**-IV-**

Por los fundamentos antes expuestos, **revocamos** la *Sentencia Final* dictada por el Tribunal de Primera Instancia, Sala Superior de Luquillo. Siendo así, se devuelve el caso para la continuación de los procedimientos, de conformidad con lo antes resuelto.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones